IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>    Plaintiff, )<br>  )<br>v. )<br>  )<br>MIGUEL ANGEL AGUILAR PLASCENCIA, )<br>  )<br>    Defendant. ) | Case No. CR-21-144-SLP |

**O R D E R**

Before the Court is Defendant's pro se Motion for Reduction of Sentence [Doc. No. 76]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 80] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 78]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

**I.    Background**

On August 10, 2021, Defendant pleaded guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). *See* Doc Nos. 29–32. On April 5, 2022, the United States Probation Office filed its Final Presentence Investigation Report (PSR). Doc. No. 40. The PSR calculated a base offense level of 36. PSR ¶ 27. After all relevant adjustments were applied, the PSR calculated a total offense level of 37. *Id.* ¶ 37.

Based on Defendant's prior criminal convictions, the PSR calculated a total criminal history score of six for Defendant. *Id.* ¶ 42. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence. *Id.* ¶ 43. Defendant's total criminal history score of eight placed him in a criminal history category of IV. *Id.* ¶ 44. Combining Defendant's total offense level of 37 and criminal history category of IV, the PSR calculated a guideline range of 292 to 365 months' imprisonment. *Id.* ¶ 69. Because the statutory maximum term of imprisonment was 240 months, however, the guideline term of imprisonment was 240 months. *Id.*

On June 7, 2022, the Court adopted the PSR without change, varied downward, and sentenced Defendant to 204 months' imprisonment. Doc. Nos. 47–48.

On January 2, 2025, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

## II.     Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560

U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in his offense level if he or she meets all eleven of the listed criteria.[1]

---

[1] Those eleven criteria are:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**III.   Analysis**

Part A of Amendment 821 reduces the number of status points assigned to defendants to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points). As set forth, Defendant had six criminal history points prior to the application of any status points. Amendment 821 therefore reduces his status points to zero, and lowers his criminal history score from eight to six. With a total criminal history score of six, Defendant's criminal history category changes from IV to III.

Combining Defendant's total offense level of 37 and criminal history category of III, Defendant's amended guideline range is 262 to 32 months' imprisonment. But because the statutorily authorized maximum sentence is 240 months, the guideline imprisonment range remains unchanged—i.e., 240 months' imprisonment. Because the application of Amendment 821 does not result in a different sentencing range, Defendant is ineligible for a sentence reduction.[2] *See* U.S.S.G. §1B1.10(a)(2)(B); *see also United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009).

---

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense);
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and
(11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

[2] Further, Defendant's current sentence of 204 months' imprisonment is still below the amended guideline imprisonment range, so he is ineligible for a sentence reduction pursuant to U.S.S.G. § 1B1.10(b)(2)(A)-(B). *See also Dillon*, 560 U.S. at 827.

## IV.   Conclusion

For the reasons set forth above, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 76] is DISMISSED.[3]

IT IS SO ORDERED this 28th day of April, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[3] On March 31, 2025, Defendant filed a "Letter Soliciting Reconsider of the U.S.S.G. 2D1.1" [Doc. No. 81], which appears to challenge the application of a two-level enhancement for possessing a firearm. *See* PSR ¶ 28 (applying two-level increase pursuant to §USSG §2D1.1(b)(1)). But that challenge should have been raised on appeal or, at the very least, in his § 2255 motion. *See, e.g.*, *United States v. Verners*, 49 F. App'x 803, 805 (10th Cir. 2002). The Court cannot consider it in connection with his Amendment 821 arguments. *See United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) ("A § 3582(c)(2) motion does not provide the district court with the opportunity to begin the entire sentencing process anew, but rather the district court's discretionary authority is expressly limited by the scope of § 3582(c)."); *see also* U.S.S.G. §1B1.10(b)(1). Accordingly, the second Motion [Doc. No. 81] is DISMISSED.